UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

RECEIVED
2014 JUN 12 AM 9: 59

US COURT OF APPEALS
FEDERAL CIRCUIT

| | | |
|---|---|---|
| TINA M. WILSON | * | |
| **Petitioner,** | * | |
| v. | * | **No.** |
| DEPARTMENT OF HOMELAND SECURITY | * | |
| | * | |
| **Agency.** | * | |
| | * | |

## PETITION FOR REVIEW

Tina M. Wilson hereby petitions the court for review of the Opinion and Order in Docket No. DC-0752-10-0706-B-1 of the Merit Systems Protection Board entered on April 18, 2014.  The order or decision was received on April 18, 2014.

DESO & BUCKLEY, P.C.

By: _____
Robert E. Deso
1828 L Street, N.W.
Suite 270
Washington, D.C.  20036
(202) 822-6333
(202) 822-6665 - Fax
redeso@dtswlaw.com
Attorney for Petitioner

H:\RDeso\1367.05181 Wilson, Tina\Pldgs\
  Petition for Review.wpd

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

2014 MSPB 28

Docket No. DC-0752-10-0706-B-1

**Tina M. Wilson,**

**Appellant,**

v.

**Department of Homeland Security,**

**Agency.**

April 18, 2014

Robert E. Deso, Esquire, Washington, D.C., for the appellant.

Katharine Johnson, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1    The appellant has filed a petition for review of the remand initial decision, which affirmed her removal. For the reasons set forth below, we DENY the petition for review and AFFIRM the initial decision as MODIFIED by this Opinion and Order, still sustaining the removal action.

## BACKGROUND

¶2    The appellant was formerly employed as a Senior Special Agent with the agency's U.S. Immigration and Customs Enforcement component. Initial Appeal File (IAF), Tab 1 at 2. In 2007, the agency's Office of Professional

Responsibility (OPR) initiated an investigation into the appellant's conduct after receiving correspondence from the appellant's ex-husband, who alleged that she had misused the Treasury Enforcement Communications System (TECS) for personal gain. IAF, Tab 16, Subtab 4h at 4. In November 2009, OPR issued a five-volume investigative report, in which it found that four charges against the appellant were substantiated: (1) Misuse of TECS for Personal Use; (2) False Statements on an SF-86; (3) Undeclared Rental Income to the Internal Revenue Service; and (4) Failure to Cooperate with an Investigation. *Id*. at 1, 3, 5.

¶3    In January 2010, the agency proposed to remove the appellant based on four charges: (1) misuse of TECS; (2) failure to declare income; (3) lack of candor; and (4) failure to cooperate. IAF, Tab 6, Subtab 4g. The agency did not allege in the proposal notice that the appellant had shared the information she obtained from TECS with her ex-husband or any other unauthorized individuals. *Id.* The appellant was provided a copy of the OPR report and she responded to the proposal orally and in writing. *Id.*, Subtabs 4d-4f. After considering the appellant's responses, the deciding official issued a letter sustaining all four charges and directing the appellant's removal effective June 18, 2010. *Id.*, Subtab 4b.

¶4    The appellant filed a timely Board appeal. IAF, Tab 1. Following a hearing, the administrative judge determined that all four charges were proven, that there was a nexus between the appellant's conduct and the efficiency of the service, and that the penalty of removal was reasonable. *Id.*, Tab 38, Initial Decision (ID). The administrative judge also found that the appellant failed to establish her claim of harmful procedural error. *Id.*

¶5    On review, we vacated the initial decision and remanded for further proceedings. *Wilson v. Department of Homeland Security*, 118 M.S.P.R. 62 (2012). In our Remand Order, we observed that the administrative judge had not addressed the appellant's argument that the deciding official had relied improperly upon uncharged and unsubstantiated misconduct as an aggravating

factor in his penalty determination. *Id.*, ¶ 4. Specifically, we noted that the appellant objected that the deciding official based his penalty determination on his belief that the appellant had shared information obtained from TECS with her ex-husband, even though no such allegation appeared in the proposal notice. *See* IAF, Tab 24 at 24, Tab 34 at 41-42. We ordered the administrative judge to determine on remand whether the deciding official's actions constituted a due process violation under *Ward v. U.S. Postal Service*, 634 F.3d 1274 (Fed. Cir. 2011), and if not, whether they constituted harmful procedural error. *Wilson*, 118 M.S.P.R. 62, ¶ 7.

¶6        On remand, the administrative judge afforded the parties an opportunity to present evidence and argument on the due process and harmful error issues. Remand Appeal File, Tabs 2, 5. Based on the parties' written responses, the administrative judge concluded that the appellant had not been denied due process because the information on which the deciding official relied in finding that the appellant had shared TECS information with her ex-husband was not new and material. Remand Appeal File, Tab 15, Remand Initial Decision (RID). The administrative judge further found the appellant had not demonstrated that the deciding official's actions constituted harmful error. *Id.* This petition for review followed. Remand Petition for Review (PFR) File, Tab 1.

## ANALYSIS

¶7        Where, as here, a public employee has a property interest in his continued employment, the government cannot deprive him of that interest without due process. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 538 (1985). The Supreme Court has described the requirements of due process as follows:

> The essential requirements of due process . . . are notice and an opportunity to respond. The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement . . . . The tenured public employee is entitled to oral or written notice of the charges against

> him, an explanation of the employer's evidence, and an opportunity
> to present his side of the story.

*Loudermill*, 470 at 546. As the Court explained in *Loudermill*, the need for a meaningful opportunity for the employee to present his side of the story is important for two reasons. First, an adverse action "will often involve factual disputes," *id.* at 543, and consideration of the employee's response may clarify such disputes, *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 (Fed. Cir. 1999) (citing *Loudermill*). Second, "[e]ven where the facts are clear, the appropriateness or necessity of the discharge may not be." *Loudermill*, 470 U.S. at 543. Thus, the "the employee's response is essential not only to the issue of whether the allegations are true, but also with regard to whether the level of penalty to be imposed is appropriate." *Stone*, 179 F.3d at 1376 (citing *Loudermill*).

¶8     In *Stone*, the court of appeals stressed that an agency's consideration of ex parte communication violates due process only when the information introduced was new and material. *Id.* In making such a determination, the Board may consider, among other factors: (1) whether the information is cumulative, rather than new; (2) whether the employee knew of the error and had a chance to respond to it; and (3) whether the communication was of the type likely to result in undue pressure upon the deciding official to rule in a particular manner. *Id.* at 1377. Ultimately, the inquiry is whether the deciding official's consideration of the additional material was substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property absent an opportunity to respond. *Id.*

¶9     The Board has determined that this analysis applies not only to ex parte communications introducing information that was previously unknown to the deciding official, but also to information personally known and considered by the deciding official, if that information was not included in the notice of proposed removal to the appellant. *Lopes v. Department of the Navy*, 116 M.S.P.R. 470,

¶ 10 (2011). When a deciding official considers either type of information, the employee is no longer on notice of portions of the evidence relied upon by the agency in imposing the penalty, resulting in a potential constitutional violation. *Id.* Our reviewing court recently noted that "[w]here an employee has notice only of certain charges or portions of the evidence and the deciding official considers new and material information, procedural due process guarantees are not met because the employee is no longer on notice of the reasons for dismissal and/or of the evidence relied upon by the agency." *Young v. Housing and Urban Development*, 706 F.3d 1372, 1376 (Fed. Cir. 2013). It has similarly recognized that the regulation governing adverse actions requires that an "agency will consider only the reasons specified in the notice of proposed action and any answer of the employee or his or her representative, or both, made to a designated official . . . ." *Norris v. Securities and Exchange Commission*, 675 F.3d 1349, 1353 (Fed. Cir. 2012) (quoting 5 C.F.R. § 752.404(g)(1)). Consequently, when an agency relies on an aggravating factor in imposing a penalty, it should identify the factor in the notice of adverse action so that the employee will have a fair opportunity to respond to it before the deciding official. *See Solis v. Department of Justice*, 117 M.S.P.R. 458, ¶ 7 (2012); *Lopes*, 116 M.S.P.R. 470, ¶ 5.

¶10        Here, there is no question but that the deciding official based his penalty determination, in part, on an aggravating factor not cited in the proposal notice. Specifically, although the proposal notice and decision letter contained no allegation that the appellant had shared TECS information with unauthorized individuals, the deciding official indicated on the "Douglas Factors Checklist" that "[r]unning records checks for personal reasons and *sharing information with unauthorized individuals* seriously undermines th[e] public trust." IAF, Tab 16, Subtab 4c at 4 (emphasis added). The deciding official further testified in his deposition that he concluded, based on the record as a whole, that the appellant had improperly shared the information she obtained from her searches with her ex-husband, although she had not been charged with doing so. IAF, Tab 24,

Exhibit 14 at 74, 92, 94-95. In addition, the deciding official testified at the hearing that, even though the allegation of the appellant's unauthorized disclosure was not substantiated, he concluded that she did share information with unauthorized individuals and found that to be an aggravating factor. Hearing Transcript (Day 2) at 121-22. However, as we discuss below, the appellant, when she made her reply, clearly raised the issue of whether she shared the TECS information. Without making a specific finding as to whether the deciding official considered ex parte information in making his penalty determination, we conclude that, under the circumstances present here, the deciding official's consideration of the appellant's allegedly unauthorized disclosure did not undermine her right to due process. *Stone*, 179 F.3d at 1377.

¶11     We find that the appellant had an opportunity to, and, in fact, did respond to the allegations of unauthorized disclosure. The appellant's responses consisted of a 31-page written reply, a 1½-hour-long oral presentation, and a telephonic voice mail message to the deciding official supplementing her written and oral replies. In her written reply, the appellant wrote "I never shared TECS information with [my ex-husband] or anyone else," IAF, Tab 16, Subtab 5 at 20; "I did not disseminate any TECS information to [my ex-husband] or anyone else," *id.* at 22; and "I did not make TECS inquiries for personal or financial gain nor did I disseminate any TECS information to [my ex-husband] or anyone else." *Id.* Thus, the record reflects not only that the appellant raised the issue of the unauthorized disclosure in her replies but repeatedly responded to it.[*] IAF, Tab 9 at 27-48. Under these circumstances, we find that the agency's consideration of her allegedly unauthorized disclosure did not deprive her of due process.

---

[*] The possible dissemination of TECS information relates only to specifications 1-2 and 7-12 of the first charge. The administrative judge did not address the last three specifications under charge 1. ID at 21 n.10.

¶12       In her petition for review, the appellant argues that these repeated references to her allegedly unauthorized disclosure were merely "stated in passing" and so were not meaningful enough to show that she was sufficiently aware of how the deciding official would consider this information. Remand Appeal File, Tab 10, Appellant's Reply Brief at 6; Remand PFR File, Tabs 1, 4. We disagree and concur, instead, with the administrative judge's finding that the appellant's responses to the possible disclosure issue "were specific and significant." ID at 13. Moreover, we reject the appellant's arguments to the extent that they are premised on the notion that she was entitled to know the particular weight that the agency would attach to the allegations of her unauthorized disclosure.

¶13       Finally, the administrative judge found credible the deciding official's testimony that his conclusion that the appellant had shared TECS information with her ex-husband did not enhance the penalty because he would have removed the appellant based on either the Lack of Candor or the Failure to Cooperate charges alone. *Id.* at 13-14; *see LaChance v. Devall*, 178 F.3d 1246, 1259-60 (Fed. Cir. 1999). As such, we find that the information was not material to the penalty determination.

¶14       We also find that the appellant failed to prove her harmful error claim. The administrative judge correctly determined that the appellant has not shown that any error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error, i.e., that it was a harmful error. *See* 5 C.F.R. § 1201.56(c)(3).

¶15       Accordingly, we affirm the administrative judge's remand initial decision as modified by this Order.

## ORDER

¶16     This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov.

Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.

ORIGINAL

RECEIPT FOR PAYMENT

# United States Court of Appeals
# For The Federal Circuit

OFFICE OF THE CLERK

Received From *Deso & Buckley*

*Tina M. Wilson / Dept. of Homeland Security* (NAME)
(ADDRESS)

*DCBN -174185*

6/12/14 (DATE)

## NON-APPROPRIATED ACCOUNT

| | AMOUNT |
|---|---|
| Admission Fee | |
| *filing fee* | 500 00 |
| Duplicate Cert. of Admission | |
| | |
| | |
| | |
| | |
| | |
| **TOTAL** | 500 00 |

Clerk ☐

Deputy Clerk ☐

Cash ☐   Check ☑   MONEY ORDER ☐

28094